The Consolidated Coal Company of St. Louis, Plaintiff in Error, *vs.* The Industrial Commission *et al.*— (Remeda Cavada, Defendant in Error.)

*Opinion filed February 18, 1926.*

1. Workmen's compensation—*application is not subject to rules of common law pleading.* While the application for adjustment of claim is in the nature of a pleading and must be consistent with the findings of the Industrial Commission in making its award, it need not state all the elements of a cause of action as in a declaration in an action at law and is not a formal pleading, to be construed according to the rules of common law.

2. Same—*when application is sufficient for admission of evidence as to extent of disability.* Where the application for adjustment of claim states the nature of the accident and the character of the injury so fully as to fairly advise the employer of the nature of the claim and to enable him to ascertain the facts and prepare to meet the claim, the evidence need not be confined to the allegations of the application but may extend to a full development of the facts of the accident and the nature and extent of the injury, including evidence of total permanent disability, although the application does not specify any sum claimed therefor.

3. Same—*when evidence does not sustain award for total permanent disability.* Where the injured employee, according to his own testimony, is able to do light work, and there is expert testimony that his condition is improving, an award for total permanent disability cannot be sustained, as such evidence does not show a disability that is both permanent and total.

Writ of Error to the Circuit Court of Williamson county; the Hon. D. T. Hartwell, Judge, presiding.

Edgar P. Holly, (Whitnel & Browning, of counsel,) for plaintiff in error.

A. W. KERR, and GEORGE R. STONE, for defendant in error.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

Remeda Cavada, an employee of the Consolidated Coal Company of St. Louis, was accidentally injured on February 10, 1923, while engaged at his work. He filed an application for an adjustment of his claim with the Industrial Commission on June 27, 1923, on which there was a hearing on February 6, 1924, before an arbitrator. It was stipulated that the questions in dispute were the wages of the applicant for the year next preceding the injury, the nature and extent of the disability and the compensation due or to become due, if any. The arbitrator made an award on July 14, 1924, of $17 a week for 250 weeks and thereafter a pension of $28.33 a month for life, "for the reason that the injuries sustained caused permanent and complete disability, rendering the said Remeda Cavada wholly incapable of performing manual labor." The coal company filed its petition for review and the cause was heard by the Industrial Commission, which on December 8, 1924, entered its decision sustaining the award of the arbitrator. This decision was confirmed by the circuit court of Williamson county, and on the petition of the coal company a writ of error to review the judgment was allowed.

The plaintiff in error contends, first, that the award of $17 a week for 250 weeks of permanent total disability and of a pension for life is inconsistent with the application for adjustment of the claim, which asked for compensation for partial disability, only; and second, that an award for total disability is not supported by the evidence.

The Workmen's Compensation act does not prescribe the statements which an application to the commission for adjustment of claim shall contain, but it provides in paragraph (*e*) of section 19 that the application and other

documents in the nature of pleadings filed by either party, together with the decisions of the arbitrator and of the Industrial Commission, and the statement of facts or stenographic reports provided for in paragraphs (*b*) and (*c*), shall be the record of the proceedings of the commission. It is therefore contemplated that the application for adjustment shall be in the nature of a pleading, and we have held that it should be consistent with the findings of the commission in making its award. (*Garden City Foundry Co.* v. *Industrial Com.* 307 Ill. 76; *General Construction Co.* v. *Industrial Com.* 314 id. 58; *Consumers Co.* v. *Industrial Com.* 315 id. 592.) It need not, however, state all the elements of a cause of action as in a declaration in an action at law. It is not a formal pleading and is not to be construed according to the rules of common law pleading. It is sufficient if it states the nature of the accident and the character of the injury so fully as to fairly advise the employer of the nature of the claim and to enable him to ascertain the facts and prepare to meet the claim. It may frequently be impossible to tell until long after the injury its extent or the degree of the disability which it will cause. The hearing before the arbitrator or the commission is informal, and while the burden of proof is on the claimant and the common law rules of evidence must be observed, the evidence is not necessarily confined to the allegations of the application but may extend to a full development of the facts of the accident and the nature and extent of the injury. The application was on a form which was designed for use in any case. Under section 4, headed "Additional amount claimed as compensation," were six subdivisions,— (*a*,) (*b*,) (*c*,) (*d*,) (*e*) and (*f*.) Items (*c*) and (*e*) are immaterial, and (*a*,) (*b*,) (*d*) and (*f*) were as follows: "(*a*) $... none account medical care and attendance; (*b*) $17.00 per week for unknown weeks' temporary total disability; (*d*) $17.00 per week for unknown weeks' partial disability; (*f*) $... per week complete and permanent dis-

ability, including pension provided for under paragraph (*f*) of section 8." These specifications of amount claimed as compensation were sufficient notice to justify the introduction of evidence as to the actual disability caused by the accident and an award for it to whatever extent the evidence justified.

Whether the defendant in error was totally and permanently disabled or not was a question of fact. No additional evidence was heard by the commission on review and its decision followed that of the arbitrator. The hearing was February 6, 1924. The defendant in error testified that he was forty years old, had worked at loading coal seventeen years, and on February 10, 1923, was pushing an empty coal car when both his feet slipped and he fell, hurting the small of his back. It felt as if somebody had hit him with a sledge. He lay about five minutes, when his buddy pulled him up and he walked out,—about a fifteen minutes' walk. He walked home from the mine. This occurred on Saturday. He returned to the mine and tried to work after the accident on several occasions but could not work. His memory as to the particular dates when he tried to work was vague and uncertain. The last time was April 15 or 16, when he felt pretty good, but while he was "chunking" up a car he broke down in the back worse than the first day. Since then he had not done anything, earned any money or tried to get any work. He tried to clean his barn several times but was unable to do so. He had never had trouble with his back before, could always load his turn of cars, which at the mine of the plaintiff in error consisted of ten, eleven or twelve cars for him and his buddy, but at the time of his testimony he could not lift twenty-five pounds, when he was walking or stooping he was weak, and it hurt when he started to raise anything. Dr. Green had put a strap on his back, which permitted him to walk better. On cross-examination he further testified: "Haven't tried to get any job in town. Haven't tried to get any kind

of light work.   I can do light work.   I could do trapping. Don't know what trapping pays.   I could drive a wagon. Could deliver groceries, but don't believe I could get up and down off the wagon.   Have never tried.   *   *   *   I felt kind of broke up because of my back.   Never had any place pain me except only in back,—right in the middle of my back, on both sides of backbone.   Hurts there when you press.   Does not pain me when I stay still.   Pains when I turn and try to lift.   It hurts me now.   Not like it used to be.   Second time I got hurt after doctor told me to go back to work.   I felt sore when doctor told me to go to work.   I got hurt when I started to chunk the car.   After that I was never able to do any work any more.   When I went back to work, while chunking car it hurt me more." From this testimony it appears that the defendant in error did not know whether he was permanently disabled or not, and did not believe, when he testified, that he was totally incapacitated.   He thought that he could do light work, whatever the fact may have been.

The defendant in error was treated by Drs. McKee, Green and Mitchell and examined for the plaintiff in error by Dr. Roberts.   Dr. Green testified for the defendant in error that he saw him for the first time along in the summer and had treated him for six or eight months; that he made a physical and an X-ray examination upon the first visit.   The X-ray examination showed no bony pathology. There was no arthritis.   There were spasmodic contractions of the lumbar muscles on pressure, which indicated a sprain of the back and for which Dr. Green treated him with violet rays.   The doctor was of the opinion that the defendant in error had improved in the last two or three months and was able to do light work.

Dr. McKee testified for the plaintiff in error that he first treated the defendant in error on February 25, 1923, and continued his treatment until March 25, at which time he discharged him, thinking he was able to go back to work.

He had the history of the case as given by the defendant in error and made a physical examination, which disclosed no visible signs of any injury. There were no muscle spasms nor any swelling in the small of the back. The doctor treated him because he complained of pain, which the doctor attributed to neuritis. Defendant in error did not complain of pain when the doctor pressed his back. He complained of his back on stooping or lifting. The doctor also made an X-ray picture, which showed no traumatic bony pathology.

Dr. Roberts testified also for the plaintiff in error that on January 3, 1924, he examined the defendant in error at the request of the plaintiff in error. The physical examination showed nothing abnormal except that his gait was slow, he was slightly stooped, some of his teeth and his tonsils were infected, and there was an old scar immediately above the right hip joint and some old scars over the right lumbar muscles. The back showed no muscle spasms in upright or horizontal position and no bony pathology was found in the region complained of. An X-ray picture then taken showed osteo-arthritis in the region of the twelfth dorsal and the first lumbar vertebræ, with extensive calcium deposits on the right side, which the doctor attributed to focal infection and not to trauma, testifying that the extensive calcium deposits could not have been laid down in less than a few months or a few years. There was no evidence of either strain or sprain, as no muscle spasms were shown. Dr. Roberts' conclusion from his examination and the X-ray findings was that the defendant in error's condition was due to disease.

There was no other evidence on the question. There was not sufficient evidence to justify the conclusion that the disability was either permanent or total in view of the defendant in error's own testimony that he can do light work, and that of his physician, who treated him for six or eight months before the hearing and was still treating him, that

he could have done light work when he first came to the doctor and had improved right along; that he was considerably better and had been improving considerably in the last two or three months and was at the time able to do light work.

Counsel for the defendant in error say that it is apparent that the defendant in error was excitable and easily confused as a witness. This is true, and he is not to be held bound by any mistaken statement made by reason of his confusion, excitement or inexperience, but the award cannot be sustained where the evidence does not show a disability that is both permanent and total.

The judgment will be reversed and the cause remanded to the circuit court, with directions to set aside the award and remand the cause to the Industrial Commission for further proceedings.

*Reversed and remanded, with directions.*