THE SNOWDEN & McSWEENEY COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(AARON CORRIE, Defendant in Error.)

*Opinion filed February 16, 1927.*

1. WORKMEN'S COMPENSATION—*when review may be had under paragraph (f) of section 8, as amended in 1921.* An award for permanent total disability, with a pension for life, may be reviewed under paragraph (*f*) of section 8 of the Compensation act, as amended in 1921, where the amendment took effect within eighteen months after the award was entered.

2. SAME—*when petition for review of award is sufficient under paragraph (f) of section 8.* As proceedings before the Industrial Commission are informal, a petition for review of an award is not to be construed according to the rules of common law pleading, and in the absence of objection a petition for review of an award with a pension for life will be sufficient to justify the introduction of evidence under paragraph (*f*) of section 8 of the Compensation act, as amended in 1921, where it states informally the substance of the award entered on the original hearing and asks that the award be modified to conform to changed conditions.

FARMER, J., dissenting.

WRIT OF ERROR to the Circuit Court of Lawrence county; the Hon. CHARLES H. MILLER, Judge, presiding.

ANDRUS & TRUTTER, for plaintiff in error.

GEE & GEE, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

January 8, 1919, defendant in error, Aaron Corrie, while in the employ of plaintiff in error, the Snowden & McSweeney Company, was severely burned and thereby totally disabled from pursuing his employment. His disability was considered permanent, and accordingly there was an award, including a pension for life, entered under

paragraph (*f*) of section 8 of the Workmen's Compensation act. Under surgical and medical treatment the disability of defendant in error decreased, so that in April, 1922, he was able to resume work for plaintiff in error. Since that time he has been employed as a pumper at four dollars and forty cents a day, which is more than he was receiving as a truck driver and general utility man prior to his injury. August 23, 1924, plaintiff in error filed a petition with the Industrial Commission, alleging that Corrie's disability had diminished or ended and asking that his compensation be reduced or abated. After the hearing the commission decided the petition had not been filed within the time required by the Conpensation act and dismissed it. This decision was confirmed by the circuit court of Lawrence county, and we have allowed a writ of error for further review.

The award in this case was entered March 18, 1921. At that time the award was subject to review provided a petition was filed within eighteen months. July 1, 1921, an amendment to paragraph (*f*) of section 8 became effective which provides that the award may be modified at any time after it has been entered if the employee afterwards returns to work or is able to do so. We have held that this right of review extends to all cases in which the award under this section was entered less than eighteen months before the amendment went into effect. (*Smolen* v. *Industrial Com. ante,* p. 32; *Superior Coal Co.* v. *Industrial Com.* 321 id. 240.) That being true, the petition in this case was filed in time and the commission erred in dismissing it.

Defendant in error states that the petition in this case is one under paragraph (*h*) of section 19 and that the limitation of eighteen months provided by that paragraph applies. There is nothing in the petition as set forth in the abstract which shows that it was filed under any particular section of the act. Evidence was introduced which showed

that defendant in error had returned to work and was earning more than before his injury.  This was proper evidence to be considered in a case arising under paragraph (*f*) of section 8, and defendant in error made no objection to its being received.   Proceedings before the Industrial Commission are informal, and the petition for review is not to be construed according to the rules of common law pleading.   It is sufficient when it states informally the substance of the award entered on the original hearing and asks that the award be modified to conform to changed conditions. In the absence of objection the petition in this case was sufficient to justify the introduction of evidence concerning the changed condition of the employee.   (*Merritt* v. *Industrial Com.* 322 Ill. 160;  *Madison Coal Corp.* v. *Industrial Com.* 320 id. 65.)   The petition is in the nature of a pleading, and it should be consistent with the findings of the commission in making its award.   (*Consolidated Coal Co.* v. *Industrial Com.* 320 Ill. 281.)   If it appear on the hearing that the allegations of the petition do not conform to the evidence the petition should be amended before the award is entered.

This record shows that the injured employee has returned to work and that he is earning more than before he was injured.   This being true, the award of a pension for life should be set aside.   The record does not show, however, whether defendant in error has received all the compensation to which he is entitled for the injuries received by him, and so the cause must be remanded to the commission for further hearing.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Mr. JUSTICE FARMER, dissenting.