(No. 52782.—

MAXINE RICE, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Harris Corporation, Broadcast Products Division, Appellee).

*Opinion filed September 15, 1980.*

James N. Keefe, of Keefe, Snowden, Gorman & Brennan, of Quincy, for appellant.

Henry D. Noetzel & Associates, Ltd., of Peoria (John E. Mitchell, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

The employee, Maxine Rice, appeals from the judgment of the circuit court of Adams County confirming the Industrial Commission's affirmance of the arbitrator's finding that she did not suffer an accidental injury arising

out of and in the course of her employment. The only issue on appeal is whether the Industrial Commission's decision is against the manifest weight of the evidence. Review is had pursuant to our Rule 302(a) (73 Ill. 2d R. 302(a)).

Maxine Rice had three serious back operations prior to the November 29, 1977, incident. The injuries that prompted these operations apparently were not work related since the record indicates they were covered by group insurance. Following her third back operation, the employee was discharged from her neurosurgeon's care in May or June of 1977 and was recalled by her former employer, Harris Corporation, Broadcast Products Division, on July 13, 1977. On November 29, 1977, upon returning to her desk, the employee started to sit in her padded secretarial chair and was in a semistooped or squatting position when she noticed the chair was not beneath her. She reached back and pulled the chair toward her and she sat down hard on the chair's front edge. The employee contends she immediately experienced a sharp pain shoot up her lower back. She performed some pain-relieving maneuvers or exercises before going to see the nurse.

At the Industrial Commission hearing, medical evidence was introduced stating that it was impossible to tell how much of the employee's current complaints were organically versus functionally based. In a report of the Mayo Clinic dated March 2, 1978, it was suggested that a pain clinic evaluation might be advisable but ultimate improvement could only be anticipated after settlement of litigation (the present case). The employee's own medical witness testified that the surgery she experienced had a debilitating effect. A person who had undergone repeated back operations, as the employee had, could have an aggravation of her condition spontaneously generated, with or without trauma.

The arbitrator and Industrial Commission found that the employee failed to prove an accidental injury arising out of and in the course of employment for which compensation is payable. The circuit court confirmed.

For an employee to recover under the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.1 *et seq.*) it is not enough that the employee be at his place of employment when the injury is sustained. There must be a showing that the injury was due to some cause connected with or incidental to the employment, rather than to a cause completely unrelated to the employment, and the burden of proof is on the employee. (*Board of Trustees v. Industrial Com.* (1969), 44 Ill. 2d 207, 214.) It is the function of the Industrial Commission to decide questions of fact and causation. (*O'Dette v. Industrial Com.* (1980), 79 Ill. 2d 249; *Stewart Warner, Datafax Corp. v. Industrial Com.* (1979), 76 Ill. 2d 464.) The question of whether a claimant's disability is attributable to a degenerative condition or to an aggravation of a pre-existing condition because of an accident is a question of fact to be decided by the Industrial Commission. (*Ross v. Industrial Com.* (1980), 79 Ill. 2d 258.) As we have stated on numerous occasions, this court will not set aside a finding of the Industrial Commission unless the finding is against the manifest weight of the evidence. *Gladstone v. Industrial Com.* (1980), 79 Ill. 2d 236.

Upon reviewing the evidence, we cannot say that the Industrial Commission's finding is contrary to the manifest weight of the evidence. Therefore, we affirm the judgment of the circuit court of Adams County.

*Judgment affirmed.*