(No. 55872.—)

THE CITY OF DES PLAINES, Appellant, v. THE IN-DUSTRIAL COMMISSION *et al.* (John W. Huege, Appellee).

*Opinion filed January 24, 1983.—Rehearing denied April 8, 1983.*

Roddy, Power & Leahy, Ltd., of Chicago (John H. Guill, of counsel), for appellant.

Wiedner & McAuliffe, Ltd., of Chicago (John P. McAuliffe and Richard J. Leamy, Jr., of counsel), for appellee.

JUSTICE CLARK delivered the opinion of the court:

The claimant, John W. Huege, filed two claims for workmen's compensation benefits (I.C. Nos. 79 WC 34487 and 79 WC 34488). Claim No. 79 WC 34487 was for an alleged injury that occurred on June 4, 1979, and claim No. 79 WC 34488 was for an alleged injury that occurred on June 13, 1979. Claimant petitioned for, and was granted, an immediate hearing on both claims pursuant to section 19(b) of the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.19(b)). Section 19(b) provides in pertinent part:

> "The Arbitrator or committee of arbitration may find that the disabling condition is temporary and has not yet reached a permanent condition and may order the payment of compensation up to the date of the hearing, which award shall be reviewable and enforceable in the same manner as other awards, and in no instance be a bar to a further hearing and determination of a further amount of temporary total compensation or of compensa-

tion for permanent disability, but shall be conclusive as to all other questions except the nature and extent of said disability."

On December 7, 1979, there was a "19(b)" hearing before an arbitrator and the claims for the alleged injuries were heard on a consolidated record.

On March 27, 1980, the arbitrator filed a decision with the Industrial Commission on I.C. No. 79 WC 34487 awarding the claimant "$248.33 per week for a period of one-seventh of a week, that being the period of temporary total incapacity for work, for which compensation [was] payable." The decision further stated that "all questions relating to permanent partial disability [were to be] adjudicated in I.C. No. 79 WC 34488."

On March 31, 1980, the arbitrator filed a second decision with the Industrial Commission on I.C. No. 79 WC 34488, which she had designated as the number for the *permanent* disability claim, modifying the award for *temporary* total disability. The decision states:

"That Petitioner is entitled to have and receive from said Respondent the sum of $248.39 per week for a period of 27³/₇ weeks, that being the intermittent period of temporary total incapacity for work, for which compensation is payable, as provided in paragraph (b) of Section 19 of said Act, as amended, for the reason that the injuries sustained caused the disabling condition of said Petitioner; that the disabling condition is temporary and has not yet reached a permanent condition.

This award in no instance shall be a bar to a further hearing and determination of a further amount of temporary total compensation or of compensation for permanent disability."

The amount of compensation changed from $248.33 to $248.39 between the first decision that was filed and the second decision of the arbitrator. We do not know whether this change was intentional or a clerical mistake. The arbitrator also awarded the claimant necessary medical expenses in the sum of $2,092.75.

On December 22, 1980, the Industrial Commission filed a decision on review of claim No. 79 WC 34488, affirming the decision of the arbitrator and modifying the award for *temporary* total disability to $248.39 per week for a period of 52¹/₇ weeks, and an additional $86.45 was awarded for necessary medical expenses. The respondent was to be given credit for all compensation paid to the claimant up to that point. The circuit court of Cook County entered an order which read: "It is hereby ordered that the decisions of the Industrial Commission in the matter of John Huege v. The City of Des Plaines, under Industrial Commission Nos. 79 WC 34487 and 79 WC 34488 are hereby affirmed and those decisions made the decisions of this Court." It is from this judgment that the respondent, the city of Des Plaines, appeals.

The only matter that was decided by the arbitrator, the Industrial Commission and the circuit court was whether the claimant was entitled to *temporary* total disability. The arbitrator in her first decision stated that questions relating to permanent partial disability would be adjudicated under I.C. No. 79 WC 34488. However, the question of permanent partial disability was never resolved. Since the claimant was only awarded compensation for his *temporary* total disability, that is the only matter properly before us on appeal.

On June 4, 1979, the claimant, a 35-year-old fireman for the city of Des Plaines, was rolling up fire hoses and replacing them on a hose rack when he began to suffer chest pain. He immediately sought medical attention from the paramedics on duty at the firehouse. The paramedics took an electrocardiogram (EKG), and claimant testified that one of the paramedics told him there was a "slight depression in ST segment." Claimant testified that he had received training in paramedic technique and could read the EKG strip and see what the paramedic was referring to. The paramedics took the EKG to Holy Family Hospital on

their next call. The claimant did not accompany them to the hospital because his pain had subsided. After his shift had ended that day, the claimant went to the emergency room of Holy Family Hospital and another EKG was performed. The doctor in the emergency room told the claimant the EKG was normal. The doctor gave the claimant pain pills and told him that he had strained his chest muscles.

On June 13, 1979, as the claimant was working, carrying two cases of 24 quart-sized cans of motor oil for the fire-fighting equipment, he again suffered chest pain. On both occasions he described the pain in his chest as a pain which radiated into his right shoulder, down to his elbow and up to his neck, accompanied by a severe headache. On this second occasion the claimant was admitted to Holy Family Hospital and placed in the coronary care unit for three days. He was then transferred to another room and remained hospitalized for a week and a half.

The only issue before this court is whether the Industrial Commission's finding that the claimant suffered an accidental injury arising out of and in the course of his employment is against the manifest weight of the evidence. We hold that it is not.

The claimant in this case was diagnosed as suffering from a preexisting coronary artery disease. Respondent, the city of Des Plaines, asserts that the claimant's preexisting condition was neither aggravated nor accelerated by his employment so that he did not suffer an accidental injury and should not have been awarded compensation.

This court has previously held that an employer is presumed to take his employees as he finds them. (*Rock Road Construction Co. v. Industrial Com.* (1967), 37 Ill. 2d 123, 129.) An accidental injury can be found to have occurred even though the result would not have occurred had the claimant been in normal health. (*Republic Steel Corp. v. Industrial Com.* (1962), 26 Ill. 2d 32, 43-44.) The rule has

evolved that even if an employee suffers from heart disease, if the heart attack which brings on the current disability is work related, the employee may recover worker's compensation. (*Doyle v. Industrial Com.* (1981), 86 Ill. 2d 544, 548-49; *County of Cook v. Industrial Com.* (1977), 69 Ill. 2d 10, 17.) If there is work-related stress, either physical or emotional, that aggravates the disease so as to cause the heart attack, then there is an accidental injury arising out of and in the course of the employment. *Doyle v. Industrial Com.* (1981), 86 Ill. 2d 544, 549.

Respondent asserts that the claimant did not actually suffer a heart attack or myocardial infarction and that, even if he did, the activities he was engaged in when he allegedly suffered the pain were not the cause of his current disability.

There is no dispute that when the two incidents occurred the claimant was engaged in work-related activities. There is disagreement, however, as to whether the activities engaged in by the claimant on these two particular occasions caused the claimant's current disability. The claimant's physician testified that the physical effort described to him in the fire-hose incident and in the box-lifting incident could be the type of exertion that would cause the claimant's pain and disability. Respondent's expert opined that the work activities described by the patient neither caused, aggravated nor accelerated the onset of the claimant's condition of ill-being.

There was also conflicting medical testimony as to whether the claimant actually suffered a heart attack. Respondent's expert testified that the claimant had not suffered a myocardial infarction or any permanent damage to the heart muscles. Claimant's expert testified that a myocardial scan that was performed on June 19, 1979, "was compatible with infarction in the intraventricular septum."

This court has consistently held that where medical evi-

dence is conflicting as to causation, it is within the purview of the Industrial Commission to determine which testimony is to be accepted. *E.g., County of Cook v. Industrial Com.* (1977), 69 Ill. 2d 10, 18; *Illinois Valley Irrigation, Inc. v. Industrial Com.* (1977), 66 Ill. 2d 234, 241.

The Commission could have reasonably inferred that the work-related activities engaged in by the claimant on June 4, 1979, and June 13, 1979, caused him to suffer accidental injuries resulting in his current disability. The Commission is entitled to draw reasonable inferences from the evidence, and this court will not disregard those inferences unless the Commission's decision is against the manifest weight of the evidence. *Rice v. Industrial Com.* (1980), 81 Ill. 2d 544, 547.

Lastly, respondent asserts that "further testimony which was used as a foundation for admission of correspondence between the fire chief and the mayor of the city of Des Plaines" was improperly admitted over its objection. Respondent makes a general reference to this "further testimony" but fails to make reference to the specific testimony it is referring to. Without more than that general allegation before us, we cannot determine whether the respondent's objection is valid. It is the obligation of the respondent to bring specific evidence complained of to our attention, and it cannot succeed in preserving an appeal on this point without more specificity.

We hold that the finding of the Commission that the claimant suffered an accidental injury arising out of and in the course of his employment is not contrary to the manifest weight of the evidence.

For the reasons given, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*