(Nos. 56535, 56558 cons.—

STEVEN E. FLEMING, Appellant and Appellee, v. THE
INDUSTRIAL COMMISSION *et al.* (International
Harvester Company, Inc., Appellee and Appellant).

*Opinion filed March 25, 1983.*

William H. Knuppel, of Lemmer, Boggs, Knuppel & Krebaum, P.C., of Havana, for appellant.

Henry D. Noetzel & Associates, Ltd., of Peoria (John E. Mitchell, of counsel), for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

On July 25, 1977, petitioner, Steven E. Fleming, filed an application for adjustment of claim alleging a loss of hearing in both ears due to exposure to loud noise over a four-year period while in the employ of respondent, In-

ternational Harvester Company. The application designated December of 1970 as the "Date of Accident, Last Exposure, Disability or Death." At the arbitration hearing petitioner moved to amend the application, stating that the date designated as "Date of Accident, Last Exposure, Disability or Death" was intended to state the beginning of exposure, and that the exposure continued for nine years, rather than four. Respondent objected to the amendment, and the arbitrator took the motion under advisement.

Respondent moved that the claim be dismissed for want of jurisdiction on the ground that the application referred to a date of disability or last exposure of December 1970, but was not filed until July 25, 1977. Petitioner responded that a definite time, place, or event could not be fixed as causing petitioner's injury and that it was a continuing type of injury.

The arbitrator, finding that disablement did not, as required by the statute, occur within one year from the date of last exposure to the hazards of an occupational disease, dismissed the claim and denied compensation. The record does not contain a ruling on the motion to amend the application for adjustment of claim.

The decision of the Industrial Commission on review includes the following findings of fact and conclusions of law:

"1. The Commission finds that Petitioner has established an exposure in excess of 90 dBA for an eight hour day or the time weighted equivalent. The OSHA noise survey reflects that Petitioner worked in areas with noise greater than 90 dBA. Respondent did not introduce any evidence contrary to Petitioner's claim of exposure to excessive noise.

2. The Commission finds that exposure to excessive noise at work has contributed to Petitioner's existing hearing loss.

3. The Commission finds that Petitioner's Application for Adjustment of Claim was filed prematurely. The

Occupational Disease Act requires that a date of last exposure be established. Ch. 48, §172.36(d). Petitioner has not alleged or proven a date of last exposure to the disabling cause. In fact, Petitioner states that a date of last exposure can't be fixed because it is a continuing thing (arb. 9). Petitioner's disability is constantly changing due to the continuing exposure to the noise. This prevents the determination of the extent of permanent loss of hearing. Until Petitioner can establish a date of last exposure the claim for compensation for permanent loss of hearing is denied.

IT IS THEREFORE ORDERED BY THE COMMISSION that Petitioner was exposed to a disabling cause but that Petitioner failed to prove a date of last exposure therefore claim for compensation herein is denied.''

On *certiorari,* the circuit court of Fulton County confirmed, and both parties appealed (87 Ill. 2d R. 302(a)).

The parties disagree whether petitioner may be awarded compensation for a present work-related hearing loss when he continues to be exposed to the disabling cause. Respondent, citing repeated references in the Act to such a date, contends that a date of "last exposure" must be established. Respondent argues that since petitioner continues to be exposed to the disabling cause, he cannot prove a date of "last exposure." Respondent argues, too, that a date of last exposure is necessary to prevent petitioner's filing multiple claims during his exposure to the noise "until he is finally able to prove his case." Such a situation, it argues, would subject employers to repeated trials and burdensome legal expenses. Petitioner argues that to adopt respondent's position would force him to either leave his present employment or wait for his employer to fire him or transfer him away from the noise before he could recover for a disability that has already accrued.

We are of the opinion that an award to petitioner for his hearing loss is not precluded merely because he continues to be exposed to the disabling cause. Disablement is defined in the Workers' Occupational Diseases Act as "an

impairment or partial impairment, temporary or permanent, in the function of the body or any of the members of the body ***." (Ill. Rev. Stat. 1977, ch. 48, par. 172.36(e).) Petitioner's impaired hearing falls within this category of "disablement." The Commission denied petitioner's claim because "petitioner's disability is constantly changing due to the continuing exposure to the noise." The Act, however, provides for recovery without a finding of the extent of permanent loss. Under section 19(b) of the Workers' Occupational Diseases Act, "The Arbitrator or committee of arbitration may find that the disabling condition is temporary and has not yet reached a permanent condition and may order the payment of compensation up to the date of the hearing, which award shall be reviewable and enforceable in the same manner as other awards, and in no instance be a bar to a further hearing and determination of a further amount of temporary total compensation or of compensation for permanent disability, but shall be conclusive as to all other questions except the nature and extent of such disability." (Ill. Rev. Stat. 1977, ch. 48, par. 172.54(b).) It appears that the findings in the Commission decision, if insufficient to serve as the basis for an award for the permanent loss suffered, were clearly adequate to support an award under section 19(b). Under the circumstances, the Commission erred in denying compensation because petitioner continued to be exposed to the disabling cause.

Respondent contends that petitioner should not be permitted to amend his application for adjustment of claim and that his claim should be denied because it was not timely filed. (Ill. Rev. Stat. 1977, ch. 48, par. 172.43.) Respondent argues that the amendment offered at the hearing deprived it of its right to have sufficient information concerning the nature of the claim to properly defend it. Petitioner contends that amendments should be liberally allowed, and that respondent, by its participation in prearbi-

tration discovery procedures, was fully apprised of the nature of the claim.

We agree with petitioner that he should be permitted to amend his application. An application for adjustment of claim under the Workers' Occupational Diseases Act (Ill. Rev. Stat. 1979, ch. 48, par. 172.1 *et seq.*) is "in the nature of a pleading." (*Consolidated Coal Co. v. Industrial Com.* (1926), 320 Ill. 281, 283.) Under section 46 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 46) pleadings were to be liberally amended. The rules for applications for adjustment of claim are not to be as formal as the rules of pleading (*Consolidated Coal Co. v. Industrial Com.* (1926), 320 Ill. 281, 283); the amendment to the application should have been allowed.

The record shows that respondent was sufficiently informed of the period of time toward which petitioner's evidence would be directed. The evidence deposition of Dr. Alan Rubenstein taken on September 15, 1978, contained repeated references to the time period of 1970 through 1977. A subpoena served upon respondent in September of 1977 requested the results of audiograms performed on the petitioner within the past 12 months. Petitioner also requested, through discovery, any noise-level readings taken by respondent in its own plant between 1970 and 1978.

Respondent contends that the arbitrator erred in admitting into evidence petitioner's exhibits Nos. 5, 6, 8 and 9. These exhibits are relevant to the noise levels inside respondent's plant. Exhibits Nos. 5, 8 and 9 were noise surveys, prepared by public officials in the performance of their official duties, and thus were admissible. (*People ex rel. Wenzel v. Chicago & Northwestern R.R. Co.* (1963), 28 Ill. 2d 205, 212.) Petitioner's exhibit No. 6 was a report prepared by a union official. It was hearsay and should not have been admitted. However, the content of petitioner's exhibit No. 6 was cumulative, and the error was harmless.

Respondent contends that the decision of the Industrial

Commission was against the manifest weight of the evidence. The evidence showed that throughout the period of petitioner's employment there were noise-level readings in respondent's plant high enough to have contributed to petitioner's existing hearing loss. The testimony showed exposure by reason of work assignments in close proximity to the sources of the noise. Offered in evidence were audiograms showing petitioner's loss of hearing at various times throughout the period of his employment. Medical reports state that the physicians were of the opinion that exposure to the hazard might or could have caused the hearing loss. On this record we are unable to say that the decision of the Commission is contrary to the manifest weight of the evidence.

The Industrial Commission found that exposure to excessive noise at work contributed to petitioner's existing hearing loss and that he was exposed to a disabling cause. It does not appear from the record that it cannot be determined that petitioner's disablement has not yet reached a permanent condition. The judgment of the circuit court is therefore reversed and the cause is remanded to the Industrial Commission with directions to determine whether the condition of disablement has reached a permanent condition and, if it has attained such permanent condition, to award compensation in an appropriate amount. In the event that it has not as yet reached a permanent condition, the Industrial Commission is directed to make findings and enter an award in accordance with the provisions of section 19(b) of the Workers' Occupational Diseases Act (Ill. Rev. Stat. 1977, ch. 48, par. 172.54(b)).

*Judgment reversed; cause*
*remanded, with directions.*