GRAY HILL, INC., Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Audrey Lietz, Appellee).

First District (Industrial Commission Division)   No. 1—85—2111WC

Opinion filed June 11, 1986.

Terrance J. Van Driska and Mark A. Potter, both of Chicago, for appellant.

Kenneth R. Given, of Krol, Bongiorno & Given, Ltd., of Chicago, for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

Petitioner, Audrey Lietz, filed an application for adjustment of claim under the Workers' Compensation Act (Ill. Rev. Stat. 1983, ch. 48, par. 138.1 *et seq.*) for arm, neck and back injuries which allegedly arose out of and in the course of her employment with respondent, Gray Hill, Inc. After the arbitration hearing, the petitioner was awarded temporary total disability compensation (Ill. Rev. Stat. 1983, ch. 48, par. 138.8(b)) which had accrued intermittently between February 6, 1978, and August 10, 1981, reasonable and necessary medical expenses (Ill. Rev. Stat. 1983, ch. 48, par. 138.8(a)) and $86.13 for a period of 400 weeks due to an 80% permanent disability (Ill. Rev. Stat. 1983, ch. 48, par. 138.8(d)(2)). On review, the Industrial Commission affirmed the decision of the arbitrator. In doing so, the Industrial Commission found that petitioner was temporarily totally disabled for a period of 160 1/7 weeks and found reasonable and necessary medical expenses to be $69,686.90. The circuit court confirmed the decision of the Industrial Commission. The respondent has perfected the instant appeal.

The evidence establishes that beginning in August 1977, the 31-year-old claimant assembled electronic switches for the respondent. On February 6, 1978, at 4:30 p.m., claimant and a number of other

employees punched the time clock, walked approximately 20 feet, and exited the building through a doorway which petitioner claims she was instructed to use. Petitioner stated that she was walking on the sidewalk outside the doorway toward the employee parking lot located across the street when she slipped and fell on ice and that her tailbone, head, and left arm came into contact with the surface of the sidewalk. According to claimant, she immediately felt pain in her neck and back. Claimant further asserts that she saw one of respondent's employees shoveling the sidewalk outside the door at 7:30 a.m. that morning. Claimant stated that after her fall, a man came over to assist her but that she refused assistance, walked away under her own power, and drove home. Upon arrival, she informed the supervisor of the accident. Her supervisor told her that the company would arrange for X rays the following morning.

When claimant reported for work the following day, she was sent to LaGrange Community Hospital for X rays. These X rays were negative. On March 28, 1978, claimant was examined by a physician at the insistence of respondent. This physician stated that claimant's complaints were "bizarre" and that she should resume gainful employment. Upon returning to work on April 10, 1978, claimant found that her left hand would not function properly and that her neck and back hurt. Claimant worked sporadically thereafter until she was informed that she must resume full-time employment or be terminated. According to claimant, she resumed full-time employment on May 30, 1978, even though she felt her condition was worsening.

On October 5, 1978, claimant saw her physician and discontinued full-time employment. From October 9 through December 15, 1978, claimant was hospitalized for back trouble; and she subsequently was hospitalized several times for back trouble. Two surgical operations were performed upon claimant during those periods of hospitalization: a lumbar laminectomy and a resection of the left rib to correct Thoracic Outlet Syndrome. In a medical report dated March 13, 1981, a physician who examined claimant at claimant's request concluded that in his opinion the claimant "has a total disability on an industrial basis." Claimant admitted that she had back and gall bladder trouble prior to the injury.

On review before the Industrial Commission, Roger Kulle, an employee of respondent, testified that on February 6, 1978, shortly after 4:30 p.m. he punched out and walked toward the employee parking lot located across the street. While on his way to the parking lot, he saw a woman fall on the street between two parked cars. He assisted this woman to her feet and she walked away without assistance. Mr. Kulle

testified that the sidewalk upon which claimant allegedly fell was clear of any ice or snow. He further testified that the door by the time clock was not the required access for factory employees.

Several exhibits relating to the locality of the alleged injury and the nature and extent of claimant's medical treatment were also admitted into evidence on review. Photographs of the location where claimant asserts the injury occurred depict several benches on specially constructed stone and concrete with matching stone and concrete garbage containers, all of which are located between the company building and the street. The company plats and surveys show the removal of concrete walks and driveways with specially constructed sidewalks, crosswalks, carriage walks, driveways, fences, "new planting, landscaping by owner," new trees to be planted, and other items in a "Plan for Parkway Landscaping" plat and other plats. The voluminous medical exhibits detail plaintiff's medical treatment between the date of the injury and the date of the hearing on review. These exhibits show that the claimant's medical treatment expenses during this time were $69,686.90. Claimant testified that this treatment was for the injury she sustained. Respondent's objection to the admission of these records on the ground that the causal relationship between the treatment and injury was not established was denied.

The Industrial Commission refused to allow an alleged eyewitness and an architect to testify before it for respondent because the witness should have been produced during the arbitration hearing. The record shows that the alleged eyewitness had informed the respondent's personnel office of claimant's fall approximately two days after it occurred. The Industrial Commission also refused to allow respondent to submit the results of a recent medical examination of claimant.

On appeal, Gray Hill, the respondent, raises four issues: (1) claimant's injuries are not compensable because they were sustained off the employer's premises; (2) the Industrial Commission improperly disallowed respondent's attempted presentation of additional medical and testimonial evidence on review of the arbitrator's decision; (3) the 80% permanent disability award under the "man as a whole" provision is contrary to the manifest weight of the evidence; and (4) the $69,686.90 medical-expense award is contrary to the manifest weight of the evidence.

It is the province of the Industrial Commission to judge the credibility of witnesses, draw reasonable inferences from the evidence, and determine the weight evidence is to be given. (*Steiner v. Industrial Com.* (1984), 101 Ill. 2d 257, 260, 461 N.E.2d 1363, 1364.) Fact find-

ings of the Industrial Commission will not be set aside unless they are contrary to the manifest weight of the evidence. (*Rice v. Industrial Com.* (1980), 81 Ill. 2d 544, 547, 410 N.E.2d 860, 861.) In the instant case, the Industrial Commission found that: (1) claimant slipped and fell on the sidewalk; (2) the doorway through which claimant exited was the only permissible exit; (3) claimant exited during the rush hour period; (4) the property adjacent to the crosswalk had been improved by the employer; and (5) claimant's route was attendant with the dual hazards of icy conditions and the flurry of rushing employees.

■ Although the respondent in the instant case improved and maintained the sidewalk upon which the injuries occurred, the actual ownership of the sidewalk was not definitively established. Thus, we must assume that the injury occurred off the employer's premises. (*Bommarito v. Industrial Com.* (1980), 82 Ill. 2d 191, 194, 412 N.E.2d 548, 549-50.) Injuries which occur off the employer's premises are generally not compensable unless (1) the employee's presence was required in the performance of his or her duties, and (2) the employee is thereby exposed to a risk common to the general public but to a degree greater than other persons. 82 Ill. 2d 191, 194, 412 N.E.2d 548, 550.

In the instant case, the Industrial Commission found that the access claimant used was the required access for factory employees. Although there is some evidence in the record that this particular door was not the required access, the evidence establishes that the time clock was located twenty feet from this particular door, that the parking lot for claimant was located across the street from this door, and, as claimant asserts, that she was instructed to use this door by the personnel office. The Industrial Commission's finding that the door through which claimant left work was the required, or at least the only practical access to and from the respondent's factory, is therefore supported by the evidence. Since there is no evidence that claimant deviated from her path to the parking lot, we must assume that her presence at the situs where she contends the instant injury occurred was required by the respondent and incidental to her assigned duties. See *Robinson v. Industrial Com.* (1983), 96 Ill. 2d 87, 449 N.E.2d 106.

■ The Industrial Commission found that the flurry of exiting employees, combined with the icy sidewalk conditions, created a risk to which claimant was more susceptible than the general public. Although there was conflicting testimony as to the condition of the sidewalk, the Industrial Commission chose to believe claimant's allegation that the sidewalk was lumpy with ice. Moreover, although there was

no testimony as to the exact number of employees leaving work at the same time as claimant, claimant said that after she had fallen, "everybody was leaving work, they just walked around me." Roger Kulle, respondent's witness on review, testified that he also punched out at 4:30 p.m. The photographs of the doorway and adjacent sidewalk establish that the locality where claimant maintains she fell was within a few feet of the doorway. Thus, the Industrial Commission's finding that the claimant was exposed to a hazard to a greater degree than that to which the general public is exposed was not contrary to the manifest weight of the evidence. Consequently, we conclude that claimant's injury is compensable.

■ The second issue raised by respondent concerns the Industrial Commission's refusal on review to allow respondent (1) to present the testimony of an alleged eyewitness and an architect and (2) to admit a recent medical examination of claimant. Since the recent medical examination of claimant is related to the issue respondent raises regarding the medical expenses, the propriety of the exclusion of this evidence will be discussed in that context.

The Industrial Commission is bound to consider all evidence properly presented to it and to the arbitrator in making a decision. (*Gray v. Industrial Com.* (1979), 76 Ill. 2d 552, 558-59, 394 N.E.2d 1153, 1155.) According to Industrial Commission Rule No. 4—(4)(B)(3) "[e]vidence may be adduced on review if the evidence *** was not introduced at the arbitration hearing for good cause." Thus, new evidence should be permitted before the Industrial Commission after good cause is shown for the failure to present such evidence before the arbitrator. See *Werries v. Industrial Com.* (1985), 136 Ill. App. 3d 731, 736, 483 N.E.2d 668, 672, *appeal allowed* (1986), 111 Ill. 2d 579.

The alleged eyewitness testified that he informed respondent three years prior to the arbitration hearing that he had witnessed claimant's fall. Moreover, the numerous architectural drawings admitted into evidence in this case indicate that the respondent knew of the architect's existence long before the claimant's injury. Respondent therefore cannot claim that it was not aware of the existence of these witnesses prior to the arbitration hearing. Thus, the Industrial Commission properly could find that respondent had not shown good cause for its failure to present this evidence before the arbitrator; and as a consequence, the exclusion of this evidence did not violate respondent's due process rights.

Furthermore, respondent would not be entitled to relief even if it had shown good cause for its failure to present this evidence before the arbitrator. It is represented that the alleged eyewitness would

have testified that he saw claimant fall on the street rather than the sidewalk and that, rather than one required exit from the building, there were three permissible modes of exit from the respondent's plant. The architect would have testified that the claimant fell off the respondent's premises. Since we have concluded that claimant fell off the employer's premises and that there may have been more than one permissible mode of exit from respondent's plant, the excluded testimony would have been merely cumulative. Thus, even if it was error to exclude this testimony, the error was harmless. *Fleming v. Industrial Com.* (1983), 95 Ill. 2d 329, 335, 447 N.E.2d 819, 822.

■ The third issue raised by respondent is that the Industrial Commission's finding that claimant was entitled to 80% permanent disability under the "man as a whole" provision was contrary to the manifest weight of the evidence. In pertinent part this provision states:

> "If, as a result of the accident, the employee sustains serious and permanent injuries not covered by paragraphs (c) and (e) of this Section, or having sustained injuries covered by the aforesaid paragraphs (c) and (e), he shall have sustained in addition thereto other injuries which injuries do not incapacitate him from pursuing the duties of his employment but which would disable him from pursuing other suitable occupations, or which have otherwise resulted in physical impairment; or if such injuries partially incapacitate him from pursuing the duties of his usual and customary line of employment but do not result in an impairment of earning capacity, or having resulted in an impairment of earning capacity, the employee elects to waive his right to recover under the foregoing subparagraph 1 of paragraph (d) of this Section, then in any of the foregoing events, he shall receive in addition to compensation for temporary total disability under paragraph (b) of this Section, compensation at the rate provided in subparagraph 2 of paragraph (b) of this Section for that percentage of 500 weeks that the partial disability resulting from the injuries covered by this paragraph bears to total disability." Ill. Rev. Stat. 1981, ch. 48, par. 138.8(d)(2).

In the instant case, the medical report of March 13, 1981, stated that claimant "has a total disability on an industrial basis" due to the injury. The Industrial Commission relied upon this report in finding the 80% permanent disability. Moreover, the Industrial Commission saw claimant at the hearing on review. Thus, there is evidence to support the finding of the Commission.

■ The fourth issue raised by respondent is that the award of

$69,686.90 in medical expenses as a result of the alleged injury is not supported by the evidence. Specifically, respondent asserts that there is no causal connection between the injury and the extensive medical care provided. In its decision, the Industrial Commission found that the treatment claimant received was "reasonably necessary to cure or bring relief from the effects of the injury." Although claimant alleges that respondent has waived this issue by its failure to assert it prior to the instant appeal, the record shows that respondent questioned the causal connection between the injury and the treatment claimant received at the hearing before the Industrial Commission. Since the medical bills were not introduced into evidence at the arbitration hearing, the hearing before the Commission was respondent's first opportunity to object to them. Consequently, the respondent did not waive the issue.

As respondent alleges in its brief, no evidence of claimant's medical treatment was presented outside of the voluminous treatment records submitted to the Industrial Commission upon review. In *Jewel Companies, Inc. v. Industrial Com.* (1984), 125 Ill. App. 3d 92, 465 N.E.2d 935, this court noted that claimants bear the burden of proving reasonable medical expenses by a preponderance of the evidence and that "a physician's bill which was a hodge-podge of items not clearly related to the injury" is not a sufficient basis upon which to award reasonable medical expenses. (125 Ill. App. 3d 92, 94-95, 465 N.E.2d 935, 936.) Applying this rationale to the case at bar, we conclude that claimant's medical treatment records cannot be clearly related to the injury without the submission of additional evidence. We therefore reverse the medical expense award and remand this cause to the Industrial Commission for the submission of additional evidence relating to the amount of medical expenses which properly may be awarded to claimant.

For the foregoing reasons, the award of temporary total disability compensation and the award for an 80% permanent disability are affirmed. The medical expense award is reversed and the cause is remanded to the Industrial Commission for the submission of additional evidence relating to the propriety of the medical expenses.

Affirmed in part, reversed in part and remanded.

WEBBER, P.J., and BARRY, LINDBERG and McNAMARA, JJ., concur.