BEST FOODS, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Mary Jean Wright, Appellee).

First District (Industrial Commission Division)   No. 1—91—3103WC

Opinion filed July 10, 1992.

Jobin & Flynn, of Chicago, for appellant.

Kaplan, Sorosky & Anderson, Ltd., of Chicago (Cynthia A. Freund and James L. Kaplan, of counsel), for appellee.

JUSTICE HENRY LEWIS delivered the opinion of the court:

The employer, Best Foods, appeals from the judgment of the trial court confirming the decision of the Illinois Industrial Commission (hereafter referred to as the Commission). The claimant sought compensation pursuant to the Workers' Compensation Act (Ill. Rev. Stat. 1983, ch. 48, par. 138.1 *et seq.*) (hereafter referred to as the Act) when she sprained her ankle on January 25, 1984, somewhere on the sidewalk in front of the employer's premises as she left work for the day. Following a hearing conducted on November 16 and December 13, 1988, the arbitrator denied the claim, finding that the accident did not arise out of and in the course of her employment. Upon review the Commission reversed the decision of the arbitrator to find that the claimant had sustained her burden of proof in establishing an accident. The Commission found that the claimant was temporarily totally disabled for a period of $104/7$ weeks and that she is permanently partially disabled to the extent of 15% of the right foot. The Commission awarded claimant the sum of $360 for medical expenses.

The employer presents a single issue for review: whether the decision of the Commission finding that the claimant sustained an accident arising out of her employment is against the manifest weight of the evidence.

At the hearing the claimant testified that she works as a laborer for the employer and that on January 24, 1984, she had "punched out" in the "guard shack" as she concluded her work for the day. She twisted her ankle, she said, "[when] I was leaving the guard shack. Just as I walked out the door on the sidewalk." As an employee she was required to go to the guard shack in order to punch out. She used the only exit from the guard shack and walked toward her husband, who was waiting for her in his car in the street in front of the guard shack. Asked on cross-examination whether she was close to the curb when she fell, she answered, "Sort of, yeah." She was unable to remember precisely where she fell on the sidewalk or to mark the spot where she fell on photographs of the sidewalk in front of the guard shack because, if she did so, she would be "just guessing." She described the condition of the sidewalk as "fair, fairly good condition. The condition was all right." She did not remember the sidewalk as damaged in any way and could not remember whether what appears in photographs of the sidewalk to be broken concrete was there at the time she fell. There was no ice or snow on the sidewalk. Admitted into evidence

were two insurance forms that state that she had twisted her ankle "on curb."

Testifying for the employer was Ray Thill, its plant engineer, who stated that the employer owns that part of the sidewalk in front of the door of the guard shack which extends for a distance of approximately 3½ feet away from this building. The City of Chicago, he said, owns the remainder of the sidewalk. He testified that four years earlier, in 1984, "everybody was going out the same way, all going out through the Watchman[']s Lodge with the exception of the office people." At the end of the shift, he stated, about 60 people would leave through the guard shack, or Watchman's Lodge, two at a time as they punched out at the machines located in that building.

The arbitrator found that the claimant sustained her injury on the property of the City of Chicago and, therefore, is not entitled to compensation. In reversing that decision, the Commission stated:

"No evidence was presented as to exactly where the accident took place on the sidewalk outside of Respondent's premises. Part of the sidewalk outside of the Respondent's premises is owned by Respondent. Evidently the accident either occurred on Respondent's premises or off of the premises but adjacent to Respondent's premises at an exit which Respondent ordered its' [sic] employees to use for ingress or egress. In this instance, [claimant] was using the exit for egress at the end of the shift after work en mass [sic] with many other employees and was in close proximity to Respondent's premises when she fell on the sidewalk. *Gray Hill v. Industrial Commission*, 145 Ill. App. 3d 371, 495 N.E.2d 1030 (1986); *Caterpillar Tractor Co. v. Industrial Commission*, 170 Ill. App. 3d 148, 524 N.E.2d 250, *appeal allowed* 122 Ill. 2d 571, 530 N.E.2d 240 (1988)."

■■ ■ In order for an injury to be compensable under the Act, the injury must "arise out of" and "in the course of" the employment. (Ill. Rev. Stat. 1983, ch. 48, par. 138.2.) The phrase "in the course of" refers to the time, place, and circumstances under which the accident occurred; accidental injuries sustained on an employer's premises within a reasonable time before and after work are generally deemed to arise in the course of the employment. (*Caterpillar Tractor Co. v. Industrial Comm'n* (1989), 129 Ill. 2d 52, 541 N.E.2d 665.) That the injury arose in the course of the employment is not sufficient to impose liability; to be compensable, the injury must also "arise out of" the employment. (*Caterpillar Tractor Co.*,

129 Ill. 2d 52, 541 N.E.2d 665.) For an injury to "arise out of" the employment, its origin must be in some risk connected with, or incidental to, the employment so as to create a causal connection between the employment and the accidental injury; if an employee is exposed to a risk common to the general public to a greater degree than other persons, the accidental injury is also said to arise out of his employment. (*Caterpillar Tractor Co.*, 129 Ill. 2d 52, 541 N.E.2d 665.) In *Bommarito v. Industrial Comm'n* (1980), 82 Ill. 2d 191, 195, 412 N.E.2d 548, 550, the supreme court observed:

> "Professor Larson has stated that where an injury took place in an area which is the sole or usual route to the employer's premises, *and* the route is attendant with a special risk or hazard, the hazard becomes part of the employment. Special hazards or risks encountered as a result of using a certain access route satisfy the 'arising out of' requirement, whereas the employer's requirement that the employee use the route fulfills the 'in the course of' element. Thus, any injuries encountered when both of the elements are met are compensable. (See 1 A. Larson, Workmen's Compensation sec. 15.13, at 4—18 to 4—34 (1978).)'' (Emphasis in original.)

In sum, as we stated in *Gray Hill, Inc. v. Industrial Comm'n* (1986), 145 Ill. App. 3d 371, 495 N.E.2d 1030, injuries that occur off the employer's premises are generally not compensable unless (1) the employee's presence was required in the performance of his or her duties and (2) the employee is thereby exposed to a risk common to the general public but to a degree greater than other persons.

In the instant case, although there is evidence that the employee's presence was required in the performance of her duties in the area where she fell, there is no evidence that the claimant was exposed to a risk common to the general public to a greater degree than other persons. Ray Thill testified that four years earlier, in 1984, about 60 persons would leave two at a time as they punched out at the machines in the guard shack, or Watchman's Lodge. However, he did not testify as to the number of persons, if any, who were leaving when the claimant fell. Nor did the claimant indicate whether she left, in fact, when other employees departed.

The instant case differs from *Gray Hill, Inc. v. Industrial Comm'n* in that the evidence there established that at a certain time on the day in question the claimant and a number of other employees punched the time clock, walked approximately 20 feet, and left the building through a doorway the claimant said she was in-

structed to use. The claimant then fell on an icy sidewalk within a few feet of the doorway. In *Gray Hill, Inc.*, the Commission found that the flurry of exiting employees, combined with the icy sidewalk conditions, created a risk to which the claimant was more susceptible than the general public. On review we determined the finding not to be against the manifest weight of the evidence.

Here, however, the claimant did not show by her own testimony or that of any other witness that other employees were departing when she fell or that the departure of other employees affected her in any way. Further, the claimant testified that she did not know where she fell on the sidewalk, that there was no ice or snow on it, and that its condition was "all right"; there is no evidence the claimant's fall was in any way caused by the condition of the sidewalk, particularly by the presence of broken concrete, for example. In short, there is no evidence that the claimant was exposed to a risk not common to the general public and that her injury thus arose out of her employment. The Commission's finding that the claimant was using the exit for egress at the end of the shift after work en masse with many other employees is against the manifest weight of the evidence as is its finding that claimant sustained her burden of proof in establishing an accident.

When the finding of the Commission that the claimant's condition arose out of his or her employment is not supported by the evidence in the record, it is the duty of the reviewing court to set the award aside. (*Caterpillar Tractor Co.*, 129 Ill. 2d 52, 541 N.E.2d 665.) Accordingly, the judgment of the circuit court confirming the decision of the Commission is reversed, and the Commission's award is set aside.

Judgment reversed; award set aside.

McCULLOUGH, P.J., and WOODWARD, STOUDER, and RAKOWSKI, JJ., concur.