(No. 47869.-

HAZEL L. REED, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Burnham City Hospital, Appellee.)

*Opinion filed March 29, 1976.—Rehearing denied May 27, 1976.*

Charles W. Hendrix, of Champaign, for appellant.

Thomas, Mamer, Haughey & Miller, of Champaign (William J. Brinkmann, of counsel), for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

The claimant, Hazel L. Reed, applied for a workmen's compensation award for injuries incurred when she fell on an icy sidewalk on her way home from work. The sidewalk was not on the premises of her employer, Burnham City Hospital, and the arbitrator disallowed the claim on the ground that the accident did not arise out of and did not occur in the course of the claimant's employment. The arbitrator's decision was upheld by the Industrial Commission, and the circuit court of Champaign County affirmed. The claimant has appealed under Rule 302(a). 50 Ill.2d R. 302(a).

There is no dispute on the facts. The claimant was employed as an insurance clerk. At the end of her working day on April 7, 1972, she left the hospital by an exit facing Stoughton Street in the city of Champaign. She walked north on a paved crosswalk which leads from the exit across the east-west public sidewalk on Stoughton Street. Shortly after she passed the public sidewalk she slipped and fell on a patch of ice. The north property line of the hospital terminates at the south edge of the east-west sidewalk. The sidewalk and the intervening parkway are part of the street right-of-way, and belong to the city of Champaign. The place where the claimant fell was not on the employer's property.

We have consistently held that when an employee slips

and falls, or is otherwise injured, at a point off the employer's premises while traveling to or from work, his injuries are not compensable unless his presence at the place where the accident took place was incident in some way to his employment. *Northwestern University v. Industrial Com.* (1951), 409 Ill. 216; *Browne v. Industrial Com.* (1967), 38 Ill.2d 193.

The plaintiff relies upon an exception to this general rule under which recovery has been permitted by an employee who slips and falls while in a parking lot which the employer has provided for its employees, and which is being used by the employee for that purpose at the time. (*De Hoyos v. Industrial Com.* (1962), 26 Ill.2d 110; *Hiram Walker & Sons, ·Inc. v. Industrial Com.* (1968), 41 Ill.2d 429.) The present accident, however, did not occur within a parking lot. There is a metered public parking lot, owned by the city, directly across Stoughton Street from the hospital, and there was testimony that an arrangement existed whereby hospital employees were allowed to use the lot at a reduced rate. The accident, however, did not take place in the lot but on a public way between the lot and the claimant's place of employment. In such circumstances an employee's injuries are not compensable. *Osborn v. Industrial Com.* (1971), 50 Ill.2d 150; *cf. Browne v. Industrial Com.* (1967), 38 Ill.2d 193.

The claimant also argues that her injuries are compensable because the crosswalk on which she fell, although concededly on city property, is maintained and controlled by her employer. The record does not show who installed the crosswalk, and the element of maintenance relied on by the claimant is that the hospital voluntarily undertook to clear snow and ice from the public sidewalks in its vicinity, including the crosswalk in question. It does so because the city of Champaign does not remove snow from sidewalks.

The crosswalk on which the claimant fell is used by patients and visitors entering or leaving the hospital, as

well as by employees, and we do not see how such a crosswalk can be equated with a parking lot established and maintained by an employer for the convenience of its employees. Acceptance of the claimant's argument would mean, moreover, that one who voluntarily removes snow from a public sidewalk thereby exposes himself to a liability to the general public which would not otherwise exist.

Finally, the claimant suggests that liability should somehow flow from the fact that the employer is a city hospital and the land that it occupies is owned by the city. We do not see the relevance of these considerations. It is the hospital, not the city, from whom the plaintiff seeks compensation, and under the statute the board of directors of the hospital "has the exclusive control of the supervision, care, and custody of the grounds, leases and buildings ***" (Ill. Rev. Stat. 1975, ch. 24, par. 11—23—5).

The decisions of the arbitrator and the Industrial Commission were correct, and the judgment of the circuit court is affirmed.

*Judgment affirmed.*