(No. 53789

BUTLER MANUFACTURING COMPANY, Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (Richard Corbin, Appellant).

*Opinion filed June 4, 1981.*

Cornfield & Feldman, of Chicago (Alton Sharpe, of counsel), for appellant.

West, Neagle & Williamson, of Galesburg (Thomas G. West, of counsel), for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

Richard Corbin filed a claim under the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.1 *et seq.*) for injuries sustained to the upper back and left leg when he slipped and fell on a public sidewalk while on his way to work as a machinist at the Butler Manufacturing Company in Galesburg. The arbitrator found the injury compensable as arising out of and in the course of employment. The Industrial Commission affirmed the decision of the arbitrator but only as to Corbin's back injury. The circuit court of Knox County set aside the Commission's

finding on the ground that the injury did not arise out of the claimant's employment. He brought a direct appeal to this court under Rule 302(a)(2). 73 Ill. 2d R. 302(a)(2).

There is no dispute as to the facts. Butler Manufacturing Company occupies approximately a one-square-block area. A two-lane street running north and south is adjacent to its east border. Immediately east is unimproved land which extends in a north-south direction for 1½ blocks. At the south end is a parking lot provided by Butler for its employees. There is a sidewalk on the west side of the street but none on the east side at this location, and employees using the parking facility cross to the west side of the street and walk one block north to the only entrance to the plant. A chain-link fence running parallel to the sidewalk prevents one from entering the plant other than through the front gate.

On the day in question, the claimant parked his car, crossed the street to the sidewalk, and walked north towards the plant entrance. He slipped on snow that had fallen that day, and his back and left elbow struck the sidewalk. The entrance to the plant was approximately 150 feet from where he fell. Refusing any assistance from fellow employees, he got to his feet by himself and immediately informed his supervisor of the incident when he entered the plant. He was taken to the first-aid station, where a nurse applied moist heat to his upper back. The claimant worked that day but experienced pain and swelling in his left elbow. After work he made an appointment with his family doctor, who arranged to have X rays taken at Galesburg Cottage Hospital. The claimant did not return to work for seven months. According to a report by Dr. Robert Busch which was submitted at the arbitration hearing, the claimant sustained a fracture of the 4th thoracic vertebra which resulted in a degree of permanent disability. The claimant returned to work at Butler and at the

time of the arbitration hearing was employed as a machinist.

The claimant's position is that the finding of fact by the Industrial Commission was not contrary to the manifest weight of the evidence, and he therefore argues that we should reverse the judgment of the circuit court, which held that his injury did not arise out of his employment. We do not view, however, the question concerned here as one of fact. The question, one of law, is whether injuries sustained by an employee as a result of a fall while walking on a public sidewalk on the way to work are compensable under the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.1 *et seq.*). Where the issue on appeal involves a question of law, a court is not bound by a decision of the Industrial Commission. *Osborn v. Industrial Com.* (1971), 50 Ill. 2d 150, 151, citing *Williams v. Industrial Com.* (1967), 38 Ill. 2d 593, 595.

This accident occurred on a public sidewalk approximately 150 feet away from the entrance to the plant. The injury was not sustained on the premises of the Butler Manufacturing Company and does not involve the situation of an employee injured on a parking lot owned and maintained by the employer. (See, *e.g., Hiram Walker & Sons v. Industrial Com.* (1968), 41 Ill. 2d 429; *De Hoyos v. Industrial Com.* (1962), 26 Ill. 2d 110.) This court has held that "when an employee slips and falls, or is otherwise injured, at a point off the employer's premises while traveling to or from work, his injuries are not compensable ***." (*Reed v. Industrial Com.* (1976), 63 Ill. 2d 247, 248-49. See also *Browne v. Industrial Com.* (1967), 38 Ill. 2d 193; *Northwestern University v. Industrial Com.* (1951), 409 Ill. 216.) The claimant has not shown why this case does not fall within these holdings.

For the reasons given, the judgment of the circuit court of Knox County is affirmed.

*Judgment affirmed.*