JOSEPHINE PIEPRZAK, Appellant, *v*. THE INDUSTRIAL COMMISSION *et al.* (General Electric, Appellee).

First District (Industrial Commission Division)   No. 1—84—426WC

Opinion filed August 1, 1984.

Goldstein, Goldberg & Fishman, of Chicago (David Z. Feuer, of counsel), for appellant.

Braun, Lynch, Smith & Strobel, Ltd., of Chicago (Bennett F. Hart, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Petitioner, Josephine Pieprzak, filed an application for adjustment of claim under the Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.1 *et seq.*) for accidental injuries arising out of and in the course of her employment by respondent, General Electric. After a hearing, an arbitrator awarded petitioner compensation for perma-

nent and complete disability to her left foot to the extent of 60%. On review the Industrial Commission reversed, finding that petitioner had failed to prove that her injuries arose out of and in the course of her employment with respondent. The determinative question before the Commission was whether petitioner, while traveling to work, had fallen on a public sidewalk or on respondent's property. The circuit court of Cook County confirmed the decision of the Commission, and petitioner appeals. On appeal petitioner contends that the Commission's decision is against the manifest weight of the evidence.

On the morning of January 16, 1978, petitioner walked north on the west sidewalk of 54th Avenue in Cicero toward an entrance to respondent's plant. Respondent's property line runs in a north-south direction approximately 10 inches west of the west edge of the sidewalk in question. A paved driveway leading into respondent's parking lot crosses over the sidewalk just south of respondent's premises.

At the arbitration hearing, petitioner testified that, as she approached the plant's entrance on her way to work, she noticed an accumulation of ice and snow on the sidewalk where the driveway intersects the sidewalk. Petitioner stated that she slipped and fell when, to avoid the ice, she stepped off the sidewalk and onto respondent's property. She sustained a fractured ankle and was hospitalized.

One week after the accident, an investigator employed by respondent interviewed petitioner in the hospital. During that interview, which had been transcribed and was made part of the record, petitioner stated that she fell in the middle of the entranceway to the parking lot.

Georgianne Mozis, a nurse employed by respondent, testified that she saw petitioner lying on the sidewalk just north of the driveway in front of the plant. Petitioner told her that she slipped on the sidewalk. The nurse's report, written on the day of the accident, stated that petitioner slipped on ice in front of and to the south of the plant and that petitioner was found on the sidewalk at the entrance to the parking lot.

A report completed on the day of the accident by a security guard employed by respondent stated that petitioner fell on the driveway at the junction of the sidewalk and the driveway. On the back of the report there was a diagram of the general area where the injury occurred. There was a mark on the sidewalk at the point where the driveway to the parking lot intersected the sidewalk.

Respondent introduced into evidence two notices given to the city of Cicero by petitioner. Both notices recited that petitioner slipped and fell on the sidewalk owned by Cicero.

Petitioner contends that the manifest weight of the evidence shows that she fell either on respondent's property or on the entranceway to respondent's property and is therefore entitled to compensation for her injuries.

■ When an employee is injured at a point off the employer's premises while traveling to and from work, her injuries generally are not compensable. (*Butler Manufacturing Co. v. Industrial Com.* (1981), 85 Ill. 2d 213, 216, 422 N.E.2d 625; *Reed v. Industrial Com.* (1976), 63 Ill. 2d 247, 248-49, 347 N.E.2d 157.) In *Reed* the claimant sustained injuries when she fell on a crosswalk which led from her place of work across a public sidewalk to the street. The claimant argued that she was entitled to compensation even though the place on the sidewalk where she fell was not owned by her employer, since her employer maintained and controlled the sidewalk. The court rejected claimant's argument, holding that claimant's injuries did not occur on the employer's property, did not arise out of and in the course of her employment, and were not compensable. The facts in *Reed* are indistinguishable from the present case, and therefore we need not consider further petitioner's contention that her injuries are compensable if she fell on the entranceway to and a few inches from the property of respondent. See also *Butler Manufacturing Co. v. Industrial Com.* (1981), 85 Ill. 2d 213, 422 N.E.2d 625.

■ Thus, the single determinative question here is whether petitioner fell on respondent's property, which begins 10 inches west of the public sidewalk. The evidence on this issue is conflicting. In such instance, it is within the province of the Commission to resolve conflicts in testimony, to draw inferences from the testimony, and to determine the credibility of witnesses and the weight to be given their testimony. (*Berry v. Industrial Com.* (1984), 99 Ill. 2d 401, 406, 459 N.E.2d 963.) On review, a court will not disregard permissible inferences merely because other inferences might have been drawn. *Berry v. Industrial Com.* (1984), 99 Ill. 2d 401, 407, 459 N.E.2d 963.

■ The evidence and reasonable inferences that can be drawn therefrom support the Commission's decision that petitioner did not fall on respondent's property. Petitioner's testimony that she fell when she stepped on respondent's property is in direct conflict with the statement she made a week after the accident that she fell in the middle of the area where the driveway crosses the sidewalk. Although petitioner testified that she was under medication and that her mind was "dull" when she made the statement, the Commission, which had the transcribed interview before it, found that there was no evidence to support her claim of being upset or medicated. The Commission

also had before it notices given by petitioner in another case that she fell on the sidewalk. In addition, the nurse testified that petitioner was lying on the sidewalk just north of the entranceway. There was ample evidence to support the Commission's decision that petitioner fell on a public way. The finding of the Commission is not against the manifest weight of the evidence.

For the reasons stated, the judgment of the circuit court of Cook County confirming the decision of the Industrial Commission is affirmed.

Judgment affirmed.

SEIDENFELD, P.J., BARRY, WEBBER, and KASSERMAN, JJ., concur.