CHICAGO TRANSIT AUTHORITY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Richard Koprowski, Appellee).

First District (Industrial Commission Division)   No. 1—85—1622WC

Opinion filed March 5, 1986.

Marybeth S. Kinney, of Johnson & Drozdzik, Ltd., of Chicago, for appellant.

Aaron P. Brill, of Chicago, for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

Claimant, Richard Koprowski, filed an application for adjustment of claim under the Workers' Compensation Act (Ill. Rev. Stat. 1983, ch. 48, par. 138.1 *et seq.*) for a broken leg and a back injury which allegedly arose out of and during the course of his employment with respondent, Chicago Transit Authority (CTA). An arbitrator awarded claimant 18 weeks of temporary total disability benefits at $355.64 per week (Ill. Rev. Stat. 1983, ch. 48, par. 138.8(b)) and $3,708.35 in reasonable and necessary medical expenses (Ill. Rev. Stat. 1983, ch.

48, par. 138.8(a)). The arbitrator also found that this award would not bar further hearing and determination of a further amount of temporary total disability compensation or of compensation for a permanent disability (Ill. Rev. Stat. 1983, ch. 48, par. 138.19(b)). On review, the Industrial Commission affirmed the findings of the arbitrator. The circuit court confirmed the decision of the Industrial Commission; and the employer has appealed to this court, asserting that the award is contrary to the manifest weight of the evidence.

The following facts were adduced at the arbitration hearing: Immediately prior to the alleged injury, the 45-year-old claimant was employed as an auditor by the CTA. The claimant's working hours were from 8 a.m. to 4:30 p.m. with a one-hour hour lunch break. Although most of his employment duties were performed at his office on the seventh floor of the Chicago Merchandise Mart building, claimant sometimes was required to go outside of his office to perform field audits. In performing his employment duties, claimant used a battery powered hand-held calculator, which he maintained was supplied by the CTA, and a Cross fine lead pencil.

On September 7, 1982, at approximately 12:10 p.m., claimant signed out of his office for his half-hour lunch break. He contends that he signed out at this time so he could go to the main floor to obtain batteries for his calculator, leads for his Cross pencil, and something to eat. While riding on the elevator on his way to lunch, the cable snapped. The elevator containing the claimant fell 2½ to 3 floors onto the sub-basement, causing claimant to suffer a broken leg and back injuries. The cause and extent of these injuries is not questioned.

Charles Karneffel, the claimant's supervisor, testified that to his knowledge the CTA did not supply hand-held calculators or calculator batteries to his subordinates. Mr. Karneffel also testified that it was against departmental policy to eat in the office.

■ In cases involving injuries received by an employee during his lunch hour, the most critical factor in determining whether the accident arose out of and in the course of employment is the location of the occurrence. When the employee sustains an injury during a paid or unpaid lunch break and is still on the employer's premises, the act of procuring lunch is reasonably incidental to the employment so as to allow compensation even where the injury was not actually caused by a hazard of the employment. (*Eagle Discount Supermarket v. Industrial Com.* (1980), 82 Ill. 2d 331, 339, 412 N.E.2d 492, 496-97.) Thus, under the rationale of *Eagle Discount Supermarket*, claimant's injury in the case at bar would be compensable if the elevator were to be considered a portion of the employer's premises.

According to Professor Larson, when the place of employment is a building, an injury incurred by an employee in that building is generally considered to have taken place on the employer's premises so long as the employer "has some kind of right of passage, as in the case of common stairs, elevators, lobbies, vestibules, concourses, hallways, walkways, ramps, footbridges, driveways, or passageways through which the employer has something equivalent to an easement." (1 A. Larson, Workmen's Compensation sec. 15.43, at 4—108 to 4—111 (1985).) Illinois apparently follows this general rule. In *Master Leakfinding Co. v. Industrial Com.* (1977), 67 Ill. 2d 517, 527-28, 367 N.E.2d 1308, 1313, our supreme court held that if an employee while he is leaving work incurs an injury on steps leading from a building in which his employer is a subtenant, the injury, for purposes of workers' compensation, occurs on the employer's premises and is compensable. See also *Wilson Garment Manufacturing Co. v. Edmonds* (1941), 312 Ill. App. 317, 326, 38 N.E.2d 534, 538.

■■■ It is the province of the Industrial Commission to judge the credibility of witnesses, draw reasonable inferences from the evidence, and determine the weight the evidence is to be given. (*Steiner v. Industrial Com.* (1984), 101 Ill. 2d 257, 260, 461 N.E.2d 1363, 1364.) Fact findings of the Industrial Commission will not be set aside unless they are contrary to the manifest weight of the evidence. (*Rice v. Industrial Com.* (1980), 81 Ill. 2d 544, 547, 410 N.E.2d 860, 861.) After viewing the evidence in the case at bar, we conclude that the Industrial Commission reasonably could have determined that the CTA was a tenant of the Merchandise Mart building and, thus, under the rationale of *Eagle Discount Supermarket v. Industrial Com.* (1980), 82 Ill. 2d 331, 412 N.E.2d 492, that the injury incurred therein by claimant during his lunch break occurred on the premises. We therefore conclude that the claimant's lunch break injury is compensable. Since we determine that the claimant's injury occurred on the premises, *Bommarito v. Industrial Com.* (1980), 82 Ill. 2d 191, 412 N.E.2d 548, relied upon by the CTA, is distinguishable.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

WEBBER, P.J., and BARRY, LINDBERG and McNAMARA, JJ., concur.