(No. 67788.–

ILLINOIS BELL TELEPHONE COMPANY, Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (Mary Conoboy, Appellant).

*Opinion filed October 25, 1989.*

Terrance J. Van Driska, of Chicago, for appellant.

Kenneth N. Marshall, of Stevenson, Rusin & Friedman, Ltd., of Chicago, for appellee.

JUSTICE STAMOS delivered the opinion of the court:

Claimant, Mary R. Conoboy, was injured when she slipped and fell in a common area of the Woodfield Shopping Mall shortly after leaving her place of employment on the second floor of the mall. Claimant filed an application for adjustment of claim under the Workers' Compensation Act (the Act) (Ill. Rev. Stat. 1985, ch. 48, par. 138.1 *et seq.*). The arbitrator awarded claimant compensation. The Industrial Commission adopted the arbitrator's decision, and the circuit court modified the award and confirmed the remainder of the Commission's decision. The Industrial Commission division of the appellate court reversed the circuit court's decision and vacated all awards of compensation, finding that claimant's injury did not arise out of and in the course of her employment (173 Ill. App. 3d 272), as required by the Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.2). The appellate court certified that a substantial question existed warranting review by this court, and we granted claimant's petition for leave to appeal (107 Ill. 2d R. 315(a)).

This appeal raises the issue of whether an injury sustained by an employee of a tenant in a multilevel shopping mall building, while in a common area of the mall on her way home from work, arises out of and in the course of her employment.

Claimant's unopposed testimony before the arbitrator established that claimant was employed by Illinois Bell Telephone Company (Illinois Bell) on March 15, 1980, the day of the incident. Claimant testified that at 5 p.m. she

finished work and left her employer's premises on the second level of the mall, using the nearest escalator to descend to the first floor of the mall. Upon reaching the first level, she began walking toward one of approximately 10 exits from the mall. When she was about 12 feet from an exit door, her left leg skidded and went out and she fell on her knee. She testified that the floor was waxed and slippery. Claimant then proceeded through the exit, the doors of which were locked; she stated that the mall doors are locked an hour to an hour and a half after the mall closes. The area in which she fell was open to the public when the mall itself was open for business.

Claimant had been employed at Illinois Bell's mall store for six months prior to the accident. She stated that she had used other mall entrances and exits to go to and from work, and testified that she had crossed the area where she fell only about 20 times in the six months she had worked at the mall store. She further stated that Illinois Bell did not require her to use any specific exit or entrance.

An examination of Illinois Bell's lease agreement indicates that the area in which claimant was injured was a "common area." The landlord was solely responsible for the maintenance of the common areas of the mall; the lease also states that the common areas are to be maintained and operated at the sole discretion of the landlord. The landlord also has the right under the lease to prescribe regulations governing the use of common areas and to close temporarily any common area to make repairs or changes. Illinois Bell is required to pay a *pro rata* share of the expenses of maintaining the common areas.

Claimant argues that the appellate court improperly reversed the decision of the circuit court. Claimant contends that her injury arose out of and in the course of

her employment and that she is entitled to compensation under the Act. Illinois Bell contends that claimant's injury did not arise out of and in the course of her employment because it occurred off its premises in a common area of the mall over which it had no control.

We initially note that if undisputed facts upon any issue permit more than one reasonable inference, the determination of such issue presents a question of fact, and the conclusion of the Industrial Commission will not be disturbed on review unless it is contrary to the manifest weight of the evidence. *Caterpillar Tractor Co. v. Industrial Comm'n* (1989), 129 Ill. 2d 52, 60; *Orsini v. Industrial Comm'n* (1987), 117 Ill. 2d 38, 44.

The purpose of the Act is to protect employees against risks and hazards which are peculiar to the nature of the work they are employed to do. (*Orsini*, 117 Ill. 2d at 44; *Fisher Body Division, General Motors Corp. v. Industrial Comm'n* (1968), 40 Ill. 2d 514, 517.) An injury is compensable under the Act only if it "aris[es] out of" and "in the course of" the employment. (Ill. Rev. Stat. 1985, ch. 48, par. 138.2.) The phrase "in the course of" refers to the time, place and circumstances under which the accident occurred. (*Orsini*, 117 Ill. 2d at 44; *Chmelik v. Vana* (1964), 31 Ill. 2d 272, 278.) The words "arising out of" refer to the origin or cause of the accident and presuppose a causal connection between the employment and the accidental injury. (*Caterpillar*, 129 Ill. 2d at 57-58; *Chmelik*, 31 Ill. 2d at 277.) Both elements must be present at the time of the accidental injury in order to justify compensation. *Caterpillar*, 129 Ill. 2d at 57-58; *Orsini*, 117 Ill. 2d at 45; *Eagle Discount Supermarket v. Industrial Comm'n* (1980), 82 Ill. 2d 331, 337.

This court has repeatedly held that " 'when an employee slips and falls, or is otherwise injured, at a point off the employer's premises while traveling to or from

work, his injuries are not compensable.' " (*Butler Manufacturing Co. v. Industrial Comm'n* (1981), 85 Ill. 2d 213, 216, quoting *Reed v. Industrial Comm'n* (1976), 63 Ill. 2d 247, 248-49.) Prior decisions of this court have noted two exceptions to this general rule. Recovery has been permitted for off-premises injuries incurred by an employee when the employee's presence at the place where the accident occurred was required in the performance of his duties and the employee is exposed to a risk common to the general public to a greater degree than other persons. (*Butler Manufacturing Co.*, 85 Ill. 2d at 216; *Bommarito v. Industrial Comm'n* (1980), 82 Ill. 2d 191, 194; *Deal v. Industrial Comm'n* (1976), 65 Ill. 2d 234, 239; *Reed v. Industrial Comm'n* (1976), 63 Ill. 2d 247, 249; see *Gray Hill, Inc. v. Industrial Comm'n* (1986), 145 Ill. App. 3d 371, 375.) Recovery has also been permitted for injuries sustained by an employee in a parking lot provided by and under the control of an employer. *Hiram Walker & Sons, Inc. v. Industrial Comm'n* (1968), 41 Ill. 2d 429; *De Hoyos v. Industrial Comm'n* (1962), 26 Ill. 2d 110.

The facts here do not establish a basis for compensation under the first exception to the general premises rule. In *Bommarito*, which claimant cites, all employees were required to enter and exit the store through a rear door. The court held that the claimant's injuries fell under the Act because of the employer's requirement that employees enter through a particular door and the hazardous risks presented by an alley through which employees had to pass in order to enter through the rear door. The court specifically noted that the case did not involve a situation where a claimant freely chooses to use a certain route and is injured in doing so. (*Bommarito*, 82 Ill. 2d at 196.) Similarly, in *Gray Hill, Inc. v. Industrial Comm'n* (1986), 145 Ill. App. 3d 371, another case cited by claimant, the court upheld compensation

because it found that the claimant's presence where she was injured was required by her employer. 145 Ill. App. 3d at 375.

In *Deal v. Industrial Comm'n* (1976), 65 Ill. 2d 234, this court upheld an award of compensation to a claimant who was injured while leaving his employer's premises. The court found that evidence of the actual ownership of the cement apron upon which the claimant was standing when he was injured was not necessary to uphold compensation, because the doorway the claimant exited through was the only practical means of leaving the premises and the position of the exit created a greater degree of risk of injury to the claimant than to the general public.

Claimant in the case at bar testified that she was not required by her employer to use any particular mall entrance or exit and admitted using entrances and exits other than the one she was using when she was injured. For these reasons, we believe that claimant has failed to prove that she was required to be where the accident occurred.

The facts also fail to establish that claimant was exposed to a risk common to the general public to a greater degree than other persons. The common area where claimant slipped was open to the general public during the business hours of the mall. Although claimant testified that the floor was waxed and slippery, there is no evidence in the record that claimant was exposed to a greater risk by walking across the common area than that to which the public was exposed. Claimant argues that she was compelled to cross the common areas for access to reach her place of employment; her risk, therefore, was greater than that of the public. This court has held, however, that "the mere fact that the duties take the employee to the place of the injury and that, but for the employment, [s]he would not have been there, is not,

of itself, sufficient to give rise to the right to compensation." *Caterpillar*, 129 Ill. 2d at 63; see *State House Inn v. Industrial Comm'n* (1965), 32 Ill. 2d 160, 163; *Schwartz v. Industrial Comm'n* (1942), 379 Ill. 139, 145.

In a similar case, *Reed v. Industrial Comm'n* (1976), 63 Ill. 2d 247, the claimant slipped and fell on an icy public sidewalk between her place of employment and a parking lot where employees were allowed to use the lot at a reduced rate. The court applied the general premises rule and denied compensation, noting that the "crosswalk in which the claimant fell is used by patients and visitors entering or leaving the hospital, as well as by employees." (*Reed*, 63 Ill. 2d at 249-50.) Because we find that claimant's employment did not require her to use a particular mall exit and that claimant was not exposed to a risk common to the general public to a greater degree than other persons, claimant is ineligible for compensation under the first exception to the premises rule.

Claimant next argues that because the only possible way for her to get to and from her place of employment was to enter and exit through a mall doorway, and Illinois Bell is a mall tenant, the common area where she fell should be considered the premises of her employer. Claimant apparently seeks to have this court extend the parking lot exception to encompass common areas of malls or buildings in which an employer's office or place of business is located. For the reasons following, we decline the invitation to expand this exception to the general premises rule.

Claimant's argument is based primarily on three decisions of courts of this State, *Chicago Transit Authority v. Industrial Comm'n* (1986), 141 Ill. App. 3d 868, *Master Leakfinding Co. v. Industrial Comm'n* (1977), 67 Ill. 2d 517, and *Chicago Tribune Co. v. Industrial Comm'n* (1985), 136 Ill. App. 3d 260, and two sister State appel-

late court decisions, *Fashion Hosiery Shops v. Workmen's Compensation Appeal Board* (1980), 55 Pa. Commw. 465, 423 A.2d 792, and *De Howitt v. Hartford Fire Insurance Co.* (1959), 99 Ga. App. 147, 108 S.E.2d 280.

In *Chicago Transit Authority*, the claimant was injured while riding an elevator from his seventh floor office in the Merchandise Mart in Chicago while on his lunch break. The appellate court stated that in cases involving injuries received by an employee during his lunch hour, the most critical factor in determining whether the accident arose out of and in the course of employment is the location of the occurrence. (*Chicago Transit Authority*, 141 Ill. App. 3d at 869.) The court quoted one authority who has stated that "when the place of employment is a building, an injury incurred by an employee in that building is generally considered to have taken place on the employer's premises so long as the employer 'has some kind of right of passage, as in the case of common stairs, elevators, lobbies, vestibules, concourses, hallways, \*\*\* through which the employer has something equivalent to an easement.' " (141 Ill. App. 3d at 870, quoting 1 A. Larson, Workmen's Compensation §15.43, at 4—108 through 4—111 (1985).) Believing that "Illinois apparently follows this general rule" (141 Ill. App. 3d at 870), based on its interpretation of *Master Leakfinding*, the court upheld the circuit court's award of compensation to the claimant.

In *Master Leakfinding*, the claimant slipped and fell on some icy steps outside his employer's office in a building the employer shared with another tenant. He was found by his wife at the bottom of an incline between the stairs and a parking lot provided by the claimant's employer for its employees. Because the exact location of the injury was unknown, and the evidence conflicted over whether the employer had paid rent for the prem-

ises during the time the injury occurred and was therefore a subtenant of the building, the court addressed the employer's two-pronged argument that the claimant was not injured on the employer's premises by making a double finding. The court first stated that the claimant's injuries were compensable under the Act if the claimant fell on the stairs, because there was sufficient evidence to support the conclusion that the claimant's employer was a subtenant of the premises. The court also stated that if the claimant was injured on the parking lot, the claimant's injuries were compensable because it was "permissible to conclude that the accident occurred as a result of conditions on a parking lot provided for *** employees." *Master Leakfinding*, 67 Ill. 2d at 528, citing *De Hoyos v. Industrial Comm'n* (1962), 26 Ill. 2d 110.

The appellate court stated in *Chicago Transit, Authority* that *Master Leakfinding* "held that if an employee while he is leaving work incurs an injury on steps leading from a building in which his employer is a subtenant, the injury, for purposes of worker's compensation, occurs on the employer's premises and is compensable." (*Chicago Transit Authority*, 141 Ill. App. 3d at 870.) We believe that the appellate court misinterpreted this court's decision in *Master Leakfinding*. The first holding in that case was based on the fact that there was sufficient evidence to establish that the claimant's employer rented the premises containing the claimant's office; because the focus of the argument was that the employer had no interest in the house containing the claimant's office at all, the court's finding that the claimant's employer was a subtenant of the house indicates that the court viewed the stairs as part of the employer's premises. If the accident happened on the stairs, therefore, the injury was incurred on the employer's premises, and the holding does not stand as an exception to the general premises rule in this State that injuries in-

curred off an employer's premises while going to or coming from work are not compensable. We find that the appellate court in *Chicago Transit Authority* improperly relied on the *Master Leakfinding* decision to support an award of compensation for injuries incurred by an employee off his employer's premises.

Under the facts of this case, we decline to adopt a new exception to the general premises rule for injuries suffered off the premises of the employer in the common area of a mall where claimant's employer is located. Illinois Bell had no control over the common area where claimant was injured. The landlord is solely responsible for the maintenance of the common areas of the mall and even had the right to close temporarily any common area to make repairs or changes. Illinois Bell neither provided nor maintained the common areas of the mall. Although claimant testified that she and others had previously informed Illinois Bell that the common areas were slippery, Illinois Bell had no right to interfere with the landlord's sole discretion to maintain and operate the common areas.

Although claimant has cited two appellate court decisions of our sister States that have allowed compensation for injuries incurred by employees in common areas of their employers' buildings, *Fashion Hosiery Shops v. Workmen's Compensation Appeal Board* (1980), 55 Pa. Commw. 465, 423 A.2d 792, and *De Howitt v. Hartford Fire Insurance Co.* (1959), 99 Ga. App. 147, 108 S.E.2d 280, this court is not bound by these decisions (*Orsini v. Industrial Comm'n* (1987), 117 Ill. 2d 38, 48; *Gorham v. Board of Trustees* (1963), 27 Ill. 2d 593, 599), and we decline to follow them to fashion a new exception to the general premises rule in this State. Moreover, an examination of the decisions reveals that the statute in at least one decision, *Fashion Hosiery*, varies from our State statute by defining "in the course of employment" to in-

clude all injuries "sustained by the employee, who *** is injured upon the premises occupied by or under the control of the employer, *or upon which the employer's business or affairs are being carried on.*" (Emphasis in original.) *Fashion Hosiery*, 85 Pa. Commw. at 469, 423 A.2d at 794.

We finally note that claimant's citation to *Chicago Tribune Co. v. Industrial Comm'n* (1985), 136 Ill. App. 3d 260, in which the court upheld an award of compensation to a claimant who fell and was injured in a gallery open to the public on the first floor of her employer's building, is inapplicable, because, as the opinion specifically states, the "claim arose out of a slip and fall on respondent's premises" (136 Ill. App. 3d at 261). For all of the above reasons, we find that the decision of the Industrial Commission was against the manifest weight of the evidence.

Finally, claimant argues that the establishment and organization of the Industrial Commission division of the appellate court violates the Illinois Constitution and that Supreme Court Rule 315(a) (107 Ill. 2d R. 315(a)) violates the Federal equal protection clause by limiting the right of appeal in workers' compensation cases to those certified by the appellate court. Claimant's arguments center on the fact that the appellate court may violate a litigant's right to appeal a workers' compensation decision by refusing to certify a case for appeal to this court. We decline to address claimant's contentions because we believe that claimant lacks standing to raise these constitutional arguments. Claimant's case was certified and claimant was able to appeal to this court. Claimant, therefore, was not prejudiced or aggrieved by the rule she challenges. A party may contest the constitutional validity of a statute or rule of this court only if he or she has sustained or is in immediate danger of sustaining some direct injury as a result of enforcement of the stat-

ute. (See *People v. Esposito* (1988), 121 Ill. 2d 491, 512; *People v. Ziltz* (1983), 98 Ill. 2d 38, 41.) We also note that even if claimant had standing to raise these issues, this court has already ruled on the same contentions adversely to claimant's position. *Yellow Cab Co. v. Jones* (1985), 108 Ill. 2d 330.

For all of the above reasons, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

JUSTICE CALVO took no part in the consideration or decision of this case.