THOMAS TAYLOR, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (McLane Midwest, Appellee).

Fourth District (Illinois Workers' Compensation Commission Division) No. 4—06—0412WC

Argued January 16, 2007.—Opinion filed March 8, 2007.

Steven A. Globis (argued), of Marszalek & Marszalek, of Chicago, for appellant.

R. Mark Cosimini (argued), of Rusin, Maciorowski & Friedman, Ltd., of Champaign, for appellee.

JUSTICE HOLDRIDGE delivered the opinion of the court:

This matter involves a workers' compensation claim by the claimant, Thomas Taylor, against his employer, McLane Midwest. The claimant suffered an injury to his left knee as the result of an industrial accident of December 12, 2001. The matter proceeded to an arbitration hearing after which the arbitrator awarded the claimant a wage differential award of $143.92 per week under section 8(d)(1) of the Illinois Workers' Compensation Act (820 ILCS 305/8(d)(1)(West 2000)). The claimant sought review of the arbitrator's findings before the Illinois Industrial Commission[1] (Commission), and the Commission issued a corrected decision in which it awarded a wage differential of $121.49 per week, which equaled two-thirds of the difference between the claimant's average weekly wage for the year preceding the injury and his current earnings. One commissioner dissented, maintaining that the award should be based upon the earnings of the employee who replaced the claimant, not the claimant's wages for the year preceding the injury.

The claimant then sought review of the Commission's award before the circuit court of Vermilion County. The claimant contended that the wage differential should be calculated in the manner suggested by the dissenting commissioner. The court confirmed the Commission's decision. The claimant then filed this appeal. We affirm.

## BACKGROUND

The facts are not in dispute. The claimant was a 44-year-old truck driver, whose job duties included driving a semi-tractor trailer loaded with groceries and unloading the groceries at various stops on a predetermined route. Unloading required the use of a two-wheel cart which the claimant pushed up and down a ramp off the back of the trailer. On December 12, 2001, the claimant injured his left knee when he slipped walking down a ramp while pushing a cart full of groceries. Following surgery, the claimant was released to light duty. On July 29, 2002, the claimant returned to duty at McLane as a dispatcher. On August 12, 2002, the claimant's treating physician placed the claimant on permanent restriction, permitting driving but no ramp work. This restriction precluded the claimant from returning to his former occupation. The claimant remained employed as a dispatcher, making less income than he did as a truck driver.

The claimant's former driver job was assigned to Wes Trosper. The wage records of Trosper were placed into evidence by the claimant to demonstrate the amount that the claimant would be earning in the

---

[1]Renamed the Illinois Workers' Compensation Commission. See Pub. Act 93—721, eff. January 1, 2005.

full performance of his duties as a truck driver with McLane. Trosper averaged $1,196 per week.

The record indicated that truck drivers employed at McLane bid on routes based upon seniority. The drivers were paid by the mile, the weight of the load delivered and a percentage of the revenue. The most lucrative routes, generally speaking, were picked first. The senior drivers also picked co-drivers who were to be paid by the same method. Routes were rebid every six months.

Immediately prior to his injury, the claimant was picked as a co-driver by Roger Jones, the senior driver on his route. After the claimant was injured, Jones picked Trosper to replace the claimant. The claimant testified that his earnings prior to the accident were tied to his being paired with Jones. He acknowledged that, but for "pairing up" with Jones, he would not have enough seniority to get the assignment he had in the past. The record also contained testimony that at the time the hearing was taking place, bids were being submitted. The claimant testified that Jones intended to replace Trosper in the next bid.

The claimant sought to use Trosper's wages as an accurate reflection of what the claimant would be earning but for his injury. The employer maintained that in light of the frequent bidding process and in light of the claimant's relative lack of seniority, it was speculative to assume that the claimant would be earning the same amount as Trosper. The arbitrator agreed with the employer's position that using Trosper's earnings to represent the claimant's was too speculative. Instead the arbitrator turned to the method of calculating a wage differential articulated in *Albrecht v. Industrial Comm'n*, 271 Ill. App. 3d 756, 762 (1995). In *Albrecht*, this court approved calculating a claimant's wage-loss differential award based upon his preinjury earnings when other methods of determining postinjury earnings would be too speculative.

The Commission, with one dissent, adopted the arbitrator's reasoning. The claimant sought review in the circuit court of Vermilion County, which confirmed the decision of the Commission. The claimant then sought review from this court.

## ANALYSIS

### Standard of Review

The parties agree that the only issue before this court is whether the Commission erred in calculating the claimant's wage differential award. However, they disagree as to the appropriate standard of review.

The claimant maintains that as there is no factual dispute nor

conflicting inferences that can be drawn from the facts, the matter before this court is a question of law subject to *de novo* review by this court. See *Butler Manufacturing Co. v. Industrial Comm'n*, 85 Ill. 2d 213 (1981). The employer observes that there is no dispute as to the facts; however, it maintains that there is a dispute as to the inferences to be drawn from the undisputed facts and, thus, the Commission's decision should not be disturbed unless it is against the manifest weight of the evidence. *C. Iber & Sons, Inc. v. Industrial Comm'n*, 81 Ill. 2d 130, 136 (1980). We agree with the employer and find that the decision of the Commission will not be disturbed unless it is against the manifest weight of the evidence.

## Calculation of Wage Differential

■ There is no dispute the claimant is entitled to wage differential benefits. The only issue is how to calculate what the claimant would now be earning in the full performance of his duties but for his injury. A wage differential award is calculated on the presumption that but for the injury, the claimant would be in the full performance of his duties. *Old Ben Coal Co. v. Industrial Comm'n*, 198 Ill. App. 3d 485, 493 (1990).

In *Greaney v. Industrial Comm'n*, 358 Ill. App. 3d 1002 (2005), the court approved of substituting the earnings of the laborer who replaced the claimant to determine the earnings the claimant would have earned in full performance of his duties but for his injury. *Greaney*, 358 Ill. App. 3d at 1022. The claimant in the instant matter asserts that it was error for the Commission not to follow the same path. However, we find *Greaney* to be distinguishable from the instant matter. In *Greaney*, the only question at issue was what hourly rate the claimant would have earned had he been in full performance of his duties but for his injury. *Greaney*, 358 Ill. App. 3d at 1021. Here the question is not only the rate of pay the claimant would have made, but whether he would have continued to be chosen to work the more lucrative routes. The Commission found that it would be too speculative to assume that the claimant would have continued to work the more lucrative routes. This called for the Commission to make inferences from the undisputed facts. We cannot say that the inferences drawn by the Commission in determining that it was too speculative to use Trosper's earnings to determine what the claimant's earnings would have been were against the manifest weight of the evidence.

Once the Commission determined that it could not use Trosper's earnings to calculate what the claimant's earnings would have been, the Commission correctly noted that *Albrecht* provided that a claimant's preaccident earnings can be used if other methods are too

speculative. See *Albrecht*, 271 Ill. App. 3d at 762. We find no error in the Commission following the holding in *Albrecht*.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court of Vermilion County confirming the decision of the Commission.

Affirmed.

McCULLOUGH, P.J., and HOFFMAN, GROMETER, and DONOVAN, JJ., concur.